### GOSS PRINTING PRESS CO. v. SCOTT.

(Circuit Court, D. New Jersey. April 5, 1906.)

WITNESSES — CROSS-EXAMINATION—PATENTS — SUIT FOR INFRINGEMENT — ACCOUNTING BEFORE MASTER.

The defendant, on an accounting before a master for infringement of a patent, is not entitled to cross-examine complainant's counsel on a so-called "statement" filed by him at the close of complainant's evidence, and being merely a summary prepared from the evidence taken which does not constitute original evidence.

In Equity. On accounting before a master.
See 134 Fed. 880.

J. J. Kennedy and A. H. Adams, for complainant.
B. F. Lee and J. G. K. Lee, for defendant.

CROSS, District Judge. Counsel for the complainant has moved the court to strike out certain testimony of C. E. Pickard, one of complainant's counsel, heretofore taken by the defendant on its behalf, and to discharge said Pickard from further attendance before the master as a witness. The examination of the witness has been directed exclusively to certain alleged facts and figures appearing in a paper called a "statement," which the complainant at the close of its evidence placed on the record, and which appears from the testimony, and from statements of counsel on the argument, to have been prepared entirely from evidence taken by the complainant on an accounting to ascertain profits made by the defendant, pursuant to a decree in this cause, adjudging the defendant to have infringed the complainant's patent.

On a previous motion, I decided that, in furnishing this statement, counsel for the complainant had done all that the defendant could expect. This ruling was made upon a motion by the defendant to require the complainant to take and state an account in the form of debtor and creditor under equity rule 79. I did not then, and do not now, consider that statement as primary evidence, although I did say, obiter, that it might operate as an estoppel upon the complainant. It was useful to guide the defendant, and the court; but it did not purport to be, and the testimony of Pickard shows clearly, that it is not original evidence. It was a summary of what counsel claimed the evidence of complainant disclosed. As counsel of complainant, the witness does not claim to be an expert accountant or otherwise, and has stated over and over again that he has no personal knowledge of the figures shown by the statement; but that they are collated from the evidence in the cause, which is as open to the defendant as to the complainant. The examination of the witness has already proceeded for several days, and at very considerable expense to the parties and inconvenience to the witness, notwithstanding which the witness' examination as to the statement has covered only a few, 5 or 6, of the 40 machines mentioned therein. Inasmuch as the testimony is clearly hearsay, and cannot ultimately be considered by the court, except so far as it may be supported by the testimony upon which it is based, and as its continuance would involve a great and useless expenditure of time and money, I deem it my duty to stop the further examination of the witness with reference to the statement at this point, and to strike from the record the testimony he has already given; and, further, as it is not claimed that the witness has substantive knowledge as to any other matter pertinent to the accounting, he will be discharged from further attendance before the master.

The witness has verified the statement upon information and belief. If defendant desires to move to suppress this affidavit, although I do not regard it as at all probative, he will be heard thereon.